GILBERTO MELÉNDEZ, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. RICARDO LA COSTA, JUEZ, demandada.

Núm. 35.—*Sometido:* Febrero 4, 1946. *Resuelto:* Febrero 28, 1946.

*Miranda & Miranda Esteve,* abogados del peticionario; *Otero Suro & Otero Suro,* abogados del interventor, demandante en el pleito

principal; *Miguel Marcos Contreras*, abogado de *Chester Bowles*, Administrador de la Oficina de Administración de Precios, éste como *amicus curiae*.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Pedro Serabals inició en la corte municipal el 18 de julio de 1945 una acción de desahucio contra Gilberto Meléndez. Alegó que el contrato de arrendamiento de una vivienda que tenía con Meléndez era de mes a mes; que el inquilino pagaba $40 mensuales por la planta baja del inmueble; que el 3 de julio el demandante notificó al demandado que a partir de esa fecha daba por terminado el contrato de arrendamiento y le concedía un plazo de diez días para desocupar el local arrendado. Se alegó además en la demanda que el demandante necesitaba de buena fe obtener la posesión del local para realizar en el mismo ciertas reparaciones y alteraciones que especificó, las cuales no podían ser hechas mientras el demandado no desocupase el local.

Para la fecha en que se interpuso la demanda estaba en vigor la sección 6(*a*)(5) del Reglamento de la Oficina de Administración de Precios que permitía establecer acciones de desahucio cuando era necesario de buena fe adquirir la casa para verificar alteraciones o reparaciones en la misma.

El 6 de septiembre de 1945 la corte municipal declaró sin lugar la demanda. Apeló el demandante para ante la corte de distrito, pero estando el caso pendiente en dicha corte, la Oficina de Administración de Precios derogó la sección 6(*a*)(5) de su Reglamento para tener efecto la derogación el 15 de septiembre de 1945. Ello no obstante, el 26 de noviembre de 1945 la corte de distrito dictó sentencia declarando con lugar la demanda. Para revisar esa sentencia e invocando la Ley núm. 32 de 1943 (pág. 85), por tratarse de un asunto que envuelve interés público, se solicitó por el demandado y expedimos auto de *certiorari*.

■ Arguye el peticionario que derogada por la Oficina de Administración de Precios la sección 6(a)(5) carecía de jurisdicción la corte de distrito para dictar la sentencia. El demandante en el caso de desahucio en el alegato que presentó en esta Corte sostiene que estando en vigor la sección 6(a)(5) cuando él radicó la demanda, su derecho a obtener sentencia no puede ser afectado por la derogación posterior de dicha sección.

En el alegato que en su carácter de *amicus curiae* radicó en este Tribunal el Administrador de la Oficina de Administración de Precios, llama la atención al hecho de que a raíz de la derogación de la sección 6(a)(5) la Oficina de Administración de Precios emitió una interpretación oficial del alcance de dicha derogación en cuanto a procedimientos que estaban pendientes en los tribunales en 15 de septiembre de 1945. Según dicha interpretación si en el caso no se hubiere dictado sentencia en la fecha últimamente indicada, la corte carece de jurisdicción para dictarla y procede desestimar la demanda; pero si antes de esa fecha la sentencia se hubiere dictado, podrá la corte continuar los procedimientos como si la derogación no hubiere existido.

A nuestro juicio la interpretación que ha dado la Oficina de Administración de Precios al efecto legal de la derogación de la sección 6(a)(5), se halla en perfecta armonía con el espíritu que anima la Ley creando la Oficina de Administración de Precios y especialmente el Reglamento relacionado con el inquilinato. La referida Ley y el Reglamento persiguen el laudable propósito de conjurar la actual crisis de escasez de viviendas que ha surgido como consecuencia de la guerra mundial. La derogación de la sección 6(a)(5) trata de evitar que so pretexto de verificar reparaciones, el casero lance al inquilino que viene pagando religiosamente el canon de arrendamiento. La Ley y el Reglamento son reparadores y requieren naturalmente una interpretación que proteja al mayor número de personas afectadas por la crisis

que se tata de conjurar. Interpretando así el efecto de la derogación, ésta debe aplicarse tanto a acciones iniciadas antes de su vigencia pero que no obtuvieron sentencia hasta después de la derogación, como a aquellas acciones iniciadas después de la derogación.

*A nuestro juicio la corte inferior perdió su jurisdicción para dictar sentencia en el presente· caso y procede por consiguiente anularla y devolver el caso para que se dicte otra declarando sin lugar la demanda de desahucio.*